IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Zenna McClam, | ) | Civil Action No.: 4:13-3316-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Lake City Fitness Center, f/k/a IH3 | ) | |
| Wellness Center and Hopehealth Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 27, 2013, the plaintiff Zena McClam filed this action against Lake City Fitness Center and HopeHealth, Inc., alleging claims against her former employer for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). She also brings state-law claims for intentional infliction of emotional distress, negligent retention and supervision, and violation of the South Carolina Payment of Wages Act ("SCPWA"), although the only state-law claim she pursues in responding to summary judgment is the one under SCPWA.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Kaymani West, for consideration of pretrial matters. The magistrate judge prepared a thorough Report and Recommendation which recommends that the defendant's motion for summary judgment as to the plaintiff's Title VII claims be granted. (ECF No. 47.) The defendant filed timely objections to the Report and Recommendation (ECF No. 48) and the plaintiff filed a reply (ECF No. 50). For the reasons set forth herein, the Court adopts the Report and Recommendation.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. The plaintiff filed this matter on November 27, 2013, alleging race discrimination and retaliation related to her employment. (ECF No. 1.) On January 16, 2015, the defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 39.) After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 41) and the defendants' reply (ECF No. 43), the magistrate judge issued a Report and Recommendation recommending that this case be dismissed and that the defendants' motion for summary judgment be granted. (ECF No. 47.)

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or may recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The plaintiff has objected to the magistrate judge's recommendation that (1) no evidence exists that she was treated differently than a similarly situated employee outside of the protected class and (2) the plaintiff did not engage in protected opposition activity.

(See ECF No. 48.) The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there. Respectfully, the plaintiff's objections are restatements of arguments made to, and rejected by, the magistrate judge. *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). "Examining anew arguments already assessed in the report of a magistrate judge would waste judicial resources; parties must explain why the magistrate judge's report is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." *Hendrix*, 2013 WL 2407126, at *4. Absent proper objections, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

The Court has considered the plaintiff's various objections *de novo* and finds them insufficient to reject the recommendations of the magistrate judge. The undersigned is comfortable with the magistrate judge's analysis concerning the presence of a relevant comparator; Lee Ann Whetsell was always a part-time employee and had never been eligible for benefits. In contrast, the plaintiff was a full-time employee whose hours were cut, causing her to become a part-time employee ineligible for benefits. The magistrate judge cited at length the well established law with respect to comparators and the undersigned need not plagiarize it again here. (R&R at 14-15.) As the magistrate rejected, some overlap in duties is not dispositive, as the plaintiff objects.

Likewise, in contesting the magistrate judge's conclusion that she failed to engage in any protected activity, the plaintiff's objections do not meet the observation that she complained about *unfair* treatment by a supervisor *of the same race*. *Id.* at 20. As the magistrate judge detailed, unfair treatment is not sufficient. The magistrate judge expressly concluded that the plaintiff made no evidentiary showing that such complaints concerned race-based discrimination. The plaintiff complains that this is simply a failure of technical language and that she should not be penalized for failing to use words like "retaliation" and "protected activity." But, that is not what the magistrate determined. The deficiency is not in the aesthetic but in the substance of the complaint, which did not seem to include a complaint about race based discrimination. *Id.* at 21-22. Moreover, the magistrate judge found in the alternative no causal connection in satisfaction of the fourth element of her prima facie case. (R&R at 22.) The plaintiff has not challenged that basis at all.

Whatever additional objections the plaintiff may mean, they are simply renewals of arguments considered, and properly rejected, in the recommendation.

## **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the undersigned adopts the Report and Recommendation and incorporates it herein by specific reference to the extent consistent, including with regard to the exercise of supplemental jurisdiction.

It is, therefore, ORDERED that the defendant's Motion for Summary Judgment (ECF No. 39) is GRANTED and the plaintiff's federal claims should be dismissed *with prejudice*. The Court would decline to exercise jurisdiction over any state law claims, having disposed of the federal ones. The state law claims are hereby dismissed *without prejudice*.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
September 21, 2015